UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID R.,[1]
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 3:22-cv-88
Litkovitz, M.J.

**ORDER**

Plaintiff David R. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB). This matter is before the Court on plaintiff's Statement of Errors (Doc. 10) and the Commissioner's response (Doc. 11).

**I. Procedural Background**

Plaintiff filed his application for DIB in August 2018, alleging disability since December 18, 2016, due to osteoarthritis, left knee meniscus removal/repair, chronic pain, obesity, double hernia, left shoulder repair, right shoulder repair, depression and fatigue, sleep apnea, and right knee replacement. (Tr. 435). The application was denied initially and on reconsideration. Plaintiff, through counsel, requested and was granted a *de novo* hearing before administrative law judge (ALJ) Kevin R. Barnes on November 24, 2020. (Tr. 38-55). Plaintiff and a vocational expert (VE) appeared and testified at the hearing. On December 28, 2020, the ALJ issued an

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

unfavorable decision. (Tr. 12-30). The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6).

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

### B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

> 1. [Plaintiff] meets the insured status requirements of the Social Security Act through March 31, 2022.
>
> 2. [Plaintiff] has not engaged in substantial gainful activity since December 18, 2016, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Plaintiff] has the following severe impairments: degenerative disc disease, osteoarthritis, bilateral shoulder impairments, bilateral wrist and hand impairments, right foot capsulitis, obesity, adjustment disorder with mixed anxiety and depressed mood (20 CFR 404.1520(c)).
>
> 4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, [the ALJ] find[s] that [plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following exceptions: No more than frequent handling and feeling bilaterally. No more than occasional stooping, kneeling,

crouching, crawling, or climbing of ramps and stairs. No climbing of ladders, ropes, or scaffolds. [Plaintiff] should avoid hazardous machinery and unprotected heights. [Plaintiff] is limited to performing simple, routine, and repetitive tasks, performed in a work environment free of fast-paced production requirements, involving only simple, work-related decisions, and with few, if any, work place changes. No more than occasional interaction with co-workers and the general the public. No tandem tasks.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).[2]

7. [Plaintiff] . . . was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. [Plaintiff] subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the [plaintiff] is "not disabled," whether or not [plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform (20 CFR 404.1569 and 404.1569a).[3]

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from December 18, 2016, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 17-30).

---

[2] Plaintiff's past relevant work was as a pump assembler, a skilled, heavy (but performed at medium) level exertion position; and a shipping and receiving clerk/traffic coordinator, a skilled, medium exertion position. (Tr. 27, 51).
[3] The ALJ relied on the VE's testimony to find that plaintiff would be able to perform the requirements of representative light, unskilled occupations such as marker (85,000 jobs nationally), inspector (65,000 jobs nationally), and laundry folder (120,000 jobs nationally); along with representative sedentary, unskilled occupations such as charge-account clerk (85,000 jobs nationally), lens inserter/bench assembler (120,000 jobs nationally), and weight tester (18,000 jobs nationally). (Tr. 29, 52-53).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a [plaintiff] on the merits or deprives the [plaintiff] of a substantial right." *Rabbers,* 582 F.3d at 651 (quoting *Bowen,* 478 F.3d at 746).

D. **Specific Errors**[4]

Plaintiff argues that the ALJ's assessment of his residual functional capacity (RFC) at step four of the sequential evaluation process was not based on substantial evidence because it contained "no restrictions . . . based on off task allowances in the workplace, or absences, due to [plaintiff's] impairments, specifically from the constant pain he endures as a result of his impairments." (Doc. 10 at PAGEID 2246-47). Relatedly, plaintiff argues that the ALJ failed to consider VE testimony that such off-task allowances and absences would be work preclusive.

The Commissioner argues that plaintiff's assignment of error is limited to the ALJ's treatment of plaintiff's pain in the RFC assessment, and plaintiff has waived any other objections (including those related to the ALJ's assessments of medical opinions and plaintiff's mental impairments).[5] The Commissioner argues that the ALJ's evaluation of plaintiff's subjective symptoms was based on substantial evidence, and plaintiff has failed to point to record evidence that compels the incorporation of off-task and absence restrictions. The Commissioner further argues that plaintiff's summary reference to his pre-ALJ-hearing brief is unavailing in this regard and does not undercut the substantial evidence relied upon by the ALJ for his RFC assessment. Finally, the Commissioner argues that the ALJ was not required to incorporate into his RFC

---

[4] The parties generally agree with the ALJ's summary of plaintiff's medical history (*see* Doc. 10 at PAGEID 2245; Doc. 11 at PAGEID 2251), and the Court finds it unnecessary to summarize here.

[5] The Commissioner devotes part of his response to the ALJ's treatment of the objective medical evidence regarding plaintiff's physical impairments. (*See* Doc. 11 at PAGEID 2254). The Court does not understand plaintiff to challenge this part of the ALJ's decision. (*See* Doc. 10 at PAGEID 2247 ("ALJ Barnes was aware, and even noted, that Mr. Roush has an extensive medical history. . . . However, nowhere in his RFC does ALJ Barnes account for *the effect Mr. Roush's constant pain* had on his ability to stay on task or present work.") (emphasis added)). Any arguments beyond those summarized by the Court above are waived. *See Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived.") (citation omitted).

assessment VE testimony in response to hypothetical questions that did not accurately set forth plaintiff's limitations.

1. Subjective-symptom evaluation

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). ALJs are to "consider all of the evidence in an individual's record" and determine whether the individual is disabled by examining "all of the individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the individual's record." SSR[6] 16-3p, 2016 WL 1119029, at *2 (superseding SSR 96-7p). ALJs also evaluate what the agency formerly termed the "credibility" of a plaintiff's statements about his or her symptoms. *See, e.g., Rogers*, 486 F.3d at 246-49. In March 2016, the agency eliminated its use of the term "credibility" and clarified "that subjective symptom evaluation is not an examination of an individual's character. . . ." SSR 16-3p, 2016 WL 1119029, at *1. To avoid such mistaken emphasis, this analysis is now characterized as the "consistency" of a claimant's subjective description of symptoms with the record. *See Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 171 n.3 (6th Cir. 2020) (citing *Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016)).

A two-step inquiry applies to symptom evaluation. The ALJ first determines if the record contains objective medical evidence of an underlying medically determinable impairment that

---

[6] "Social Security Rulings do not have the force and effect of law, but are 'binding on all components of the Social Security Administration' and represent 'precedent final opinions and orders and statements of policy and interpretations' adopted by the Commissioner." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 272 n.1 (6th Cir. 2010) (quoting 20 C.F.R. § 402.35(b)(1)).

could reasonably be expected to produce the individual's symptoms. SSR 16-3p, 2016 WL 1119029, at *3; *see also* 20 C.F.R. § 404.1529(a); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003). Step two of symptom evaluation shifts to the severity of a claimant's symptoms. The ALJ must consider the intensity and persistence of the symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities. *See* 20 C.F.R. §§ 404.1529(a) and (c); SSR 16-3p, 2016 WL 1119029, at *4. In making this determination, the ALJ will consider the following:

(i) Your daily activities;

(ii) The location, duration, frequency, and intensity of your pain or other symptoms;

(iii) Precipitating and aggravating factors;

(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

An ALJ may not consider only objective medical evidence in determining disability unless this evidence alone supports a finding of disability. SSR 16-3p, 2016 WL 1119029, at *5 ("If we cannot make a disability determination or decision that is fully favorable based solely on

objective medical evidence, then we carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of an individual's symptoms."); 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). Moreover,

> [i]t is . . . not enough for our adjudicators simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

SSR 16-3p, 2016 WL 1119029, at *9. *See also id.* at *7 (noting that the ALJ "will discuss the factors pertinent to the evidence of record").

At the same time, the ALJ is not required to cite or discuss every factor used to evaluate the consistency of a plaintiff's description of symptoms with the record evidence. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009) ("[T]he ALJ expressly stated that she had considered [the predecessor to SSR 16-3p], which details the factors to address in assessing credibility. There is no indication that the ALJ failed to do so. This claim therefore lacks merit. . . ."). Further, the ALJ's determination regarding the consistency of a claimant's subjective complaints with the record evidence is "to be accorded great weight and deference. . . ." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citing *Villarreal v. Sec'y of H.H.S.*, 818 F.2d 461, 463 (6th Cir. 1987)).[7]

---

[7] The *Walters* court noted that substantial deference was appropriate due in large part to an ALJ's unique observation of a witness's "demeanor and credibility." With the elimination of the term "credibility" in SSR 16-3p,

9

2. <u>Analysis</u>

The Court finds that the ALJ duly considered plaintiff's subjective symptoms and his RFC assessment was based on substantial evidence. The ALJ considered plaintiff's daily activities. *See* 20 C.F.R. § 404.1529(c)(3)(i). Specifically, the ALJ noted that plaintiff's function report reflected that he could take care of most personal needs and grooming with some help; prepare simple meals; do a number of household and yard tasks; and grocery shop in stores with the support of a cart. (Tr. 24, referring to Tr. 458-61). The ALJ considered the location, duration, frequency, and intensity of plaintiff's symptoms. (*See, e.g.*, *id.*, referring to Tr. 458-64 ("[Plaintiff] stated that his chronic pain makes it difficult to do anything for extended periods of time.") and Tr. 48 ("[Plaintiff] testified that he has 'extreme osteoarthritis[.]'")). *See* 20 C.F.R. § 404.1529(c)(3)(ii). The ALJ also conducted a comprehensive review of plaintiff's back, bilateral knee, bilateral foot, bilateral hand, bilateral wrist, and bilateral shoulder impairments, including associated treatments. (*See* Tr. 22-24, referring to, e.g., Tr. 1107 (sacroiliac joint injections); Tr. 1313 (ulnar nerve decompression, carpal tunnel release, and excision of ganglion cyst); Tr. 617 (shoulder arthroscopic biceps tendon debridement and labral debridement with arthroscopic rotator cuff decompression and distal clavicle resection and arthroscopic rotator cuff repair); Tr. 875 (injections for shoulder bursitis)). *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), (v). The ALJ considered plaintiff's testimony that he had difficulty standing longer than 15 minutes, could not

---

it is questionable whether an ALJ's observations should be given any deference. At least one Sixth Circuit decision subsequent to the enactment of SSR 16-3p, however, has retained the notion of deference to the ALJ in the symptom-consistency context. *See, e.g., Lipanye*, 802 F. App'x at 171 ("It is for the administrative law judge, not the reviewing court, to judge the consistency of a claimant's statements.").

sit for extended periods of time, had to change positions frequently, and was pursuing certain physical and occupational therapy. (Tr. 24). 20 C.F.R. § 404.1529(c)(3)(vi).

The ALJ was careful to lay out how his consideration of plaintiff's subjective symptoms factored into his RFC assessment:

> To the extent that [plaintiff]'s subjective complaints of pain and limitation are consistent with the record, I find that he is capable of performing light exertional work. This limits the total amount of time that he can be required to stand and/or walk during the workday, and caps the amount of weight he can be required to lift. Postural limitations have been imposed as noted in order to restrict [plaintiff] from jobs that involve tasks likely to exacerbate his pain symptoms, or alternatively that his pain symptoms would simply prevent him from effectively undertaking. The manipulative [limitations] noted above have been imposed for similar reasons, as it would be unreasonable to require an individual known to have recurrent wrist pain and grip difficulties to use his hands for handling and feeling on a constant basis. In terms of climbing and exposure to hazards, maintaining safety while climbing or being exposed to unprotected heights or dangerous machinery requires the ability to consistently and effectively manipulate one's extremities. [Plaintiff]'s pain symptoms and neuropathy prevent him from having such consistent ability, and concentration deficits caused by the pain could further expose him to an unreasonable risk of harm when facing such conditions.

(Tr. 24-25). Later in the opinion, the ALJ reemphasized his "deference to [plaintiff]'s subjective complaints of pain and limitation" by imposing no-more-than-occasional-level postural limitations as opposed to the no-more-than-frequent-level postural limitations included in medical opinions that he found significantly persuasive. (*Compare* Tr. 26 *with* Tr. 278, Tr. 299).

Plaintiff's argument is based solely on his numerous and well-documented diagnoses and associated care. But this is insufficient to meet plaintiff's burden to demonstrate the extent of his disability. *Cf. Byrd v. Colvin*, No. 1:12-cv-455, 2013 WL 3818415, at *4 (S.D. Ohio July 23, 2013) ("[A] mere diagnosis or catalogue of symptoms does not indicate functional limitations

11

caused by the impairment."), *report and recommendation adopted sub nom. Byrd v. Comm'r of Soc. Sec.*, 2013 WL 5389219 (S.D. Ohio Sept. 25, 2013). The claimant bears the burden of demonstrating an RFC more restrictive than that determined by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). Plaintiff points to no medical opinions containing off-task or absence limitations. *See Beckham v. Comm'r of Soc. Sec.*, No. 1:19-cv-576, 2020 WL 5035451, at *8 (S.D. Ohio Aug. 26, 2020) ("Plaintiff has not pointed to any medical opinion evidence indicating that plaintiff's seizures were so frequent that he would be off task for fifteen percent of the workday or absent from work two days per month."). General reference to plaintiff's extensive and substantiated record of physical impairments and pain does not necessarily compel the conclusion that they demand particular off-task or absence tolerances as part of his RFC assessment. *See Leigh Ann D. v. Comm'r of Soc. Sec.*, No. 3:20-cv-322, 2022 WL 489317, at *4 (S.D. Ohio Feb. 17, 2022) (asserted RCF assessment errors overruled where the plaintiff did not connect the fact of her impairments to particular limitations); *Wendy D. H. v. Comm'r of Soc. Sec.*, No. 3:20-cv-387, 2022 WL 621433, at *5 (S.D. Ohio Mar. 3, 2022) (same).

Further, though plaintiff generally references his administrative-level brief's summary of his "extensive medical history . . . and the resulting pain he endures" (Doc. 10 at PAGEID 2247), he does not explain the significance of this brief to his particular argument on appeal that the ALJ erroneously failed to include off-task or absence limitations in his RFC assessment. The Court is not required to independently comb through plaintiff's administrative-level brief to "put flesh" on the "bones" of his argument on appeal. *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th

Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)).

Finally, the ALJ did not err by failing to consider the VE's testimony that being off-task more than 20 perfect of the day or absent more than two days per month would be work preclusive. (*See* Tr. 54). "It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421-22 (6th Cir. 2014) (quoting *Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Simply posing a hypothetical question to the VE does not result in a finding about a claimant's RFC or bind the ALJ where the medical record does not support the inclusion of such limitations. *Lipanye*, 802 F. App'x at 170 (citing *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019)).

### III. Conclusion

Even where substantial evidence could support a different conclusion or where a reviewing court would have decided the matter differently, the ALJ's decision must be affirmed if it is supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012); *Her v. Commissioner*, 203 F.3d 388, 389-90 (6th Cir. 1999). Based on the foregoing, plaintiff's Statement of Errors (Doc. 10) is **OVERRULED**, and the Commissioner's non-disability finding is **AFFIRMED. IT IS THEREFORE ORDERED** that judgment be entered in favor of the Commissioner and this case is closed on the docket of the Court.

Date: 11/30/2022

Karen L. Litkovitz
United States Magistrate Judge